# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR, aka BRANDON FAVOR-EL,<br><br>        Petitioner,<br><br>   v.<br><br>PAT L. VAZQUEZ, Warden, California Correctional Institution,<br><br>        Respondent. | Case No. 1:16-cv-01444-SKO  HC<br><br>ORDER DISMISSING PETITION AS SECOND OR SUCCESSIVE |

### Screening Order

Petitioner, Brandon Favor is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Because the petition is a second or successive petition filed without leave of the U.S. Court of Appeals for the Ninth Circuit, the Court must dismiss the petition.

### I.      Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.     **Petition is Successive**

Petitioner has filed multiple prior petitions for writ of habeas corpus in this district and in the Central District of California.  A district court must dismiss any claim presented in a second or successive § 2254 petition that was presented in a prior application.  28 U.S.C. § 2244(b)(1).  A district court must also dismiss any claim presented in a second or successive § 2254 petition unless (1) the applicant shows that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,`" or (2) the factual predicate for the claim could not have been discovered previously with due diligence and the facts underlying the claim, if proven and reviewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Petitioner guilty of the underlying offense,  28 U.S.C. § 2244(b)(2).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed.  28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").  This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996).  In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition.  *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

///

Petitioner has not obtained leave to file the above-captioned petition from the circuit court. As a result, the Court must dismiss the petition.

## III.   Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>  (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>  (B)  the final order in a proceeding under section 2255.
>
>   (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than

the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

**IV.     Conclusion and Order**

The above-captioned petition for writ of habeas corpus is hereby DISMISSED.  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 24, 2016**                       /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE